# STATE OF MICHIGAN

# COURT OF APPEALS

MONASSER OMIAN,

        Plaintiff-Appellee,

v

CHRYSLER GROUP, LLC,

        Defendant-Appellant.

FOR PUBLICATION
February 26, 2015

No. 310743
Michigan Compensation
Appellate Commission
LC No. 10-000099

Before: RONAYNE KRAUSE, P.J., and WILDER and STEPHENS, JJ.

STEPHENS, J. *(concurring)*

I agree with the majority that the MCAC operated under the wrong legal framework, *DiBenedetto*, 461 Mich at 401-402, for failing to address the magistrate's decision to exclude not only the indictment but any witnesses who could testify to the facts which gave rise to that indictment. I agree with the dissent that the ability to engage in illegal activity does not equate with the ability to earn wages within the meaning of the statute. However, I cannot say that the physical and mental efforts required in every illegal activity have no bearing on an individual's ability to earn legal wages or perform work. For example, while passively laundering funds would not likely translate into evidence of the ability to engage in legal work, managing those laundered funds by arranging for transfers, keeping records of the transactions, and delivering the funds to third parties could be relevant to the ability to earn legal income. I agree that the argument here is laced with hyperbole, but the record does provide proof that the defendant requested and was refused the opportunity to present witnesses to testify to the facts underlying the indictment. Whether upon review the MCAC will find that the magistrate's decision to decline to admit such evidence was in error remains to be seen. However, because I cannot make a finding as a matter of law that the evidence has no legal relevance I concur that the MCAC should review the issue.

/s/ Cynthia Diane Stephens

-1-